IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


ANGIE PHILLIPS                                                                                       PLAINTIFF


VS.                                         CASE NO. 3:16CV00263 PSH


NANCY A. BERRYHILL, Acting Commissioner,
    Social Security Administration                                                        DEFENDANT


**ORDER**

Plaintiff Angie Phillips ("Phillips"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Berryhill") to deny her claim for Disability Insurance benefits (DIB), contends the Administrative Law Judge ("ALJ") erred by finding that although she could not perform her past relevant work, she could perform other work in the economy. Specifically, Phillips contends the ALJ's determination of her residual functional capacity ("RFC") is erroneous. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on July 21, 2015. (Tr. 51-83). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Berryhill's decision. 42 U.S.C. § 405(g).

Phillips, who was 53 years old at the time of the administrative hearing, has an associate's degree in nursing, with training as a cardiac specialist. She has past relevant work, for 23 years, as a cardiac critical care nurse. Phillips testified she resigned from this work in September 2013 due to an increase in severe muscle spasms. She described the spasms as "occasional" when they started

1

twenty years ago, but stated they intensified and increased in frequency in the 2 ½ years prior to the hearing. The increased spasms caused her to miss weeks of work, in part because the recovery time after experiencing the spasms is "days." (Tr. 60). According to Phillips, Dilantin provided about 20% relief but also had side effects such as dulling her cognitive skills. Phillips uses a cane, prescribed by her treating physician, Dr. Kevin Diamond ("Diamond"). Phillips described her daily activities as very limited, given that it sometimes takes three days for her to recover from the spasms, and she requires at least three days per week of bed rest. When she is able, she testified she helps with chores, shopping, etc. Phillips testified she could not perform a sedentary job because her spasms and recovery time would prevent her from adequate, regular attendance at the job. (Tr. 51-76).

A vocational expert, Patricia McLaughlin ("McLaughlin"), testified at the hearing. The ALJ asked McLaughlin to assume a worker of Phillips' age, education, and experience who could perform light work with numerous restrictions.[1] McLaughlin testified that such a worker could not perform Phillips' past relevant work as a nurse but could perform the jobs of a review nurse, assembler, or hand packager. Questioned further, McLaughlin stated that missing four days a month would eliminate all available jobs for the hypothetical worker. (Tr. 76-80).

In his August 2015 decision, the ALJ determined Phillips had severe impairments of fibromyalgia syndrome, benign fasciculation syndrome/muscle cramps, and non-morbid obesity. He found Phillips' RFC to mirror that included in the initial hypothetical question posed to

---

[1] The restrictions were: no climbing of ladders, ropes, or scaffolds, no balancing duties, no more than occasional performance of the remaining postural functions beyond that, (e.g., climbing of ramps and stairs, no stooping, kneeling, crouching or crawling), no more than frequent handling, reaching, and fingering, and permission for the worker to access the work area with a cane. (Tr. 77).

2

McLaughlin – that is, that she was able to perform light work with significant restrictions. Since the RFC rests, in part, upon the credibility findings, we consider whether substantial evidence supports the ALJ's credibility analysis. Citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), the ALJ wrote that he gave "full consideration to the *Polaski* factors." (Tr. 34). After considering the objective medical evidence and reviewing some of the relevant factors, the ALJ concluded that Phillips' statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible." (Tr. 42). Much of the ALJ's opinion focused upon the objective medical evidence. He noted that no treating physician imposed restrictions on Phillips, none opined that she was disabled, and there was "no established diagnostic history of or subjective reports by the claimant of chronic generalized muscle spasms." (Tr. 38). He also noted that many test results reflected normal findings. The ALJ highlighted the gap between the symptoms alleged by Phillips and clinical findings[2] which would explain such symptoms:

> The undersigned must emphasize that with regard to alleged chronic symptoms, without clear clinical diagnoses in support, the claimant's subjective allegations and testimony comprise vital evidence the Administrative Law Judge must consider and weigh carefully. However, symptoms alone do not constitute objective medical evidence, nor can symptoms alone provide the basis for a finding of disability. [citation omitted]. Objective findings, clinical manifestations, and formal medical diagnoses are crucial to making a determination regarding disability and must support fully a finding of disability, because medical evidence consisting of clinical signs and laboratory findings must establish the existence of disabling impairments.

---

[2] Diamond, the primary treating physician, found Phillips to have full range of motion of all major muscle groups and diagnosed her with joint pain, multiple sites in September 2013. (Tr. 279). Dr. Suzanne Moore ("Moore"), a rheumatologist who saw Phillips in November 2013 on the recommendation of Diamond, found her with no joint swelling or tenderness and full range of motion, and diagnosed muscle aches, generalized (myalgias). (Tr. 289). Dr. Kenneth Chan ("Chan"), a neurologist who saw Phillips in May 2014 on the recommendation of Diamond, found her normal on physical exam and diagnosed her with cramp of limb and muscle spasm. (Tr. 330).

3

(Tr. 42).

Substantial evidence supports the ALJ's credibility analysis. As previously stated, the RFC determination of the ALJ was built, in part, upon this foundation, and we now address the RFC analysis. Initially, we note that the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). Here, the ALJ thoroughly discussed the findings of Diamond, Moore, and Chan. In addition, the ALJ considered the findings of Dr. Roger Troxel ("Troxel") and the findings contained in a Functional Capacity Evaluation in December 2014. Both of these findings were discounted by the ALJ as inconsistent with the other evidence of record. Troxel found Phillips moderately limited in her ability to stand, walk, lift, carry, handle, and finger, and the Functional Capacity Evaluation, performed by a physical therapist, concluded Phillips could occasionally lift up to 20 pounds, but was capable only of sedentary work. (Tr. 322-326, 375-388). There is no error in the ALJ's treatment of Troxel's findings and those contained in the Functional Capacity Evaluation, as those findings are counter to the findings of the physicians who regularly saw and treated Phillips.

In summary, we find the ultimate decision of Berryhill was supported by substantial evidence. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Berryhill is affirmed and Phillips' complaint is dismissed with prejudice.

IT IS SO ORDERED this 8th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE